1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Plaintiff*,

    2:09-cv-02326-KJD-RJJ

vs.

ORDER

JEFFREY CHILDRESS*, et al.*

    *Defendants*.

15        This *pro se* prisoner civil rights action by an inmate in state custody comes before the

16 Court on a filing (#25) styled as a "response to screening order" that the Court construes as

17 a motion for appointment of counsel.  Plaintiff has filed two prior motions for counsel herein,

18 both of which have been denied. ## 3, 8, 11 & 15.

19        There is no constitutional right to appointed counsel in a § 1983 action.  *E.g., Rand v.*

20 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d

21 952, 954 n.1 (9th Cir. 1998)(*en banc*).  The provision in 28 U.S.C. § 1915(e)(1), however,

22 gives a district court the discretion to request that an attorney represent an indigent civil

23 litigant.  *See,e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. §

24 1915(e)(1)("The court may request an attorney to represent any person unable to afford

25 counsel.").  Yet the statute does not give the court the authority to compel an attorney to

26 accept appointment, such that counsel remains free to decline the request.  *See Mallard v.*

27 *United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).  While

28 the decision to request counsel is a matter that lies within the discretion of the district court,

1   the court may exercise this discretion to request counsel only under "exceptional
2   circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of
3   exceptional circumstances requires an evaluation of both the likelihood of success on the
4   merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the
5   legal issues involved.  *Id.*  Neither of these factors is determinative and both must be viewed
6   together before reaching a decision.  *Id.*

7        The Court has not, and again does not, find that exceptional circumstances warrant
8   requesting a private attorney to voluntarily represent plaintiff in this matter.  *Cf. Mallard, supra.*

9        The prior screening order demonstrates that there is not a substantial likelihood of
10  success on the merits in this case.  The Court dismissed the complaint, with leave to amend,
11  for failure to state a claim upon which relief may be granted.  See #24.  Plaintiff's bare
12  allegation that he was subjected to eighteen months in disciplinary segregation fails to allege
13  specific facts that would establish the deprivation of a protected liberty interest protected by
14  the Due Process Clause.  *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300,
15  132 L.Ed.2d 418 (1995).  Mere placement in disciplinary segregation that mirrors the
16  conditions imposed upon inmates in administrative segregation or protective custody does
17  not deprive an inmate of a protected liberty interest.  515 U.S. at 486, 115 S.Ct. at 2301.
18  Plaintiff states in the current filing that he does not understand why his complaint is deficient
19  because he alleges that the defendants failed to follow their own established rules.  It is
20  established law that an alleged violation of state law, regulations, or rules, in and of itself,
21  does not give rise to the deprivation of a protected liberty interest and/or a denial of due
22  process.  *See,e.g., Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 178 L.Ed.2d 732
23  (2011); *Sandin*, 515 U.S. at 477-84, 115 S.Ct. at 2297-2300.

24       Plaintiff further has demonstrated an adequate ability to articulate his claims *pro se* in
25  light of the complexity of the legal issues involved.  Plaintiff asserts in the present filing that
26  he is not in a position to physically research the law at Nevada State Prison because inmates
27  are not allowed inside the prison law library.  Nevada prisons allow inmates to access the
28  prison law library's resources through a paging system, and the Constitution does not

1  inexorably require state prisons to provide inmates with direct physical access to a law library.

2  The prior screening order details the deficiencies in the complaint.  To the extent that plaintiff

3  needs to review the cases cited in the order, he may obtain copies of the decisions through

4  the prison paging system.  His lack of direct physical access to the prison law library – a

5  situation that now is universal or nearly universal across the Nevada state prison system,

6  which generally uses a paging system – does not present exceptional circumstances.

7        Taking into account the minimal likelihood of success in this case and plaintiff's ability

8  to articulate his claims *pro se*, the Court does not find that exceptional circumstances warrant

9  requesting a private attorney to voluntarily represent plaintiff in this matter.

10       The motion for appointment of counsel therefore will be denied.  This now is the third

11  denial of a request for counsel in this matter.  The Court is not going to appoint counsel for

12  plaintiff in this case.  Plaintiff will have to proceed *pro se* throughout the entire proceeding in

13  the district court.  That is this Court's final word on the issue of appointment of counsel for the

14  district court proceedings.

15       The Court will give plaintiff until thirty days after entry of this order within which to mail

16  for filing an amended complaint correcting the deficiencies in the original complaint, to the

17  extent possible.

18       If plaintiff fails to do so, final judgment will be entered dismissing the action.

19       IT THEREFORE IS ORDERED that plaintiff's filing (#25) styled as a "response to

20  screening order," construed as a motion for appointment of counsel, is DENIED.

21       IT FURTHER IS ORDERED that the time for plaintiff to mail an amended complaint

22  to the Clerk for filing, following upon the prior screening order (#24), is extended up to and

23  including thirty (30) days after entry of this order.

24       If an amended complaint is filed in response to this order, the Court will screen the

25  amended pleading before ordering any further action in this case.

26       If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final

27  judgment dismissing this action will be entered.  If the amended complaint does not correct

28  the deficiencies identified in the prior screening order (#24) and otherwise does not state a

claim upon which relief may be granted, a final judgment dismissing this action will be entered.  **If plaintiff files another dilatory request for appointment of counsel instead of timely mailing an amended complaint, a final judgment dismissing this action will be entered.  The Court will not appoint counsel herein.**

DATED:  May 6, 2011

_____
KENT J. DAWSON
United States District Judge