1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    RONALD KWAME GAINES,
         *Plaintiff*,                          2:09-cv-02326-KJD-RJJ
10
11   vs.
                                                ORDER
12   JEFFREY CHILDRESS*, et al.*
13       *Defendants*.
14

15       This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada
16   Department of Corrections ("NDOC") comes before the Court for initial review of the amended
17   complaint (#27) pursuant to 28 U.S.C. § 1915A.

18       The prior screening order (#24) sets forth the applicable screening standard and
19   plaintiff's basic allegations.

20       The complaint fails to state a claim upon which relief may be granted, in all counts, to
21   the extent that plaintiff relies upon the Eighth Amendment and the Equal Protection Clause.
22   See,e.g., #24, at 3 & 4.

23       Count I fails to state a claim upon which relief may be granted. The bald allegation that
24   plaintiff was placed in disciplinary segregation for, as alleged in the current pleading, fifteen
25   months does not present specific allegations of actual fact tending to demonstrate the
26   deprivation of a liberty interest as a predicate for a due process claim. Prison officials' alleged
27   failure to follow state law regulations similarly does not demonstrate the deprivation of a liberty
28   interest. See #24, at 3 & 4.

1   Count II states a claim for relief to the extent that plaintiff alleges that he was denied
2   his First Amendment right to petition for redress of grievances when defendant Cheryl Burson
3   allegedly interfered with his ability to file a timely appeal or grievance challenging the
4   disciplinary decision.  Count II otherwise fails to state a claim upon which relief may be
5   granted, including all allegations therein challenging the underlying disciplinary conviction as
6   a denial of due process.

7       Count III fails to state a claim for relief against defendant Greg Cox based upon his
8   allegedly erroneous rejection of plaintiff's appeal or grievance for untimeliness.  An allegedly
9   improper denial of a grievance does not give rise to a constitutional claim separate and apart
10  from the underlying alleged constitutional violation.  See #24, at 3-4.

11      Following upon the prior order, the Court construes the official capacity claim against
12  Burson as extending only to the claims for injunctive and declaratory relief.  See #24, at 4.

13      IT THEREFORE IS ORDERED that all claims in the amended complaint (#27) are
14  DISMISSED for failure to state a claim upon which relief may be granted **except** for the
15  claims in Count II alleging that plaintiff was denied his First Amendment right to petition for
16  redress of grievances when defendant Cheryl Burson allegedly interfered with his ability to
17  file a timely appeal or grievance challenging the disciplinary decision.  The foregoing operates
18  to dismiss all claims presented against defendants Jeffrey Childress and Greg Cox, such that
19  only the above-described claim against defendant Burson remains before the Court.

20      IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General
21  Catherine Cortez Masto as counsel for defendants, shall make informal electronic service of
22  this order upon the Attorney General, and shall contemporaneously provide her office with
23  copies of ## 1, 24 & 27, per the Clerk's current practice for such matters.

24      IT FURTHER IS ORDERED that the Attorney General shall advise the Court within
25  twenty-one (21) days from entry of this order whether she can accept service of process for
26  defendant Cheryl Burson.  As to any defendant for which the Attorney General cannot accept
27  service, the Attorney General shall file, under seal, the last known address(es) of those
28  defendant(s).  Any defendant for whom service is accepted shall file an answer or other

1 response to the amended complaint within thirty (30) days of the notice of acceptance of
2 service.

3       IT FURTHER IS ORDERED that, if service cannot be accepted by the Attorney
4 General for a named defendant, then plaintiff must file a motion requesting the issuance of
5 a summons and specifying a full name and address for the defendant.  Service must be
6 completed within one hundred twenty (120) days from the Attorney General's service of a
7 statement that she will not be able to accept service for the defendant.

8       IT FURTHER IS ORDERED that, henceforth, plaintiff shall serve upon defendants or,
9 if an appearance has been entered by counsel, upon their attorney(s), a copy of every
10 pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall
11 include with the original paper submitted for filing a certificate stating the date that a true and
12 correct copy of the document was mailed to the defendants or counsel for defendants.  If
13 counsel has entered a notice of appearance, plaintiff shall direct service to the individual
14 attorney named in the notice of appearance, at the address stated therein.  The Court may
15 disregard any paper received by a district judge or magistrate judge that has not been filed
16 with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which
17 fails to include a certificate showing proper service.

18       The Clerk shall send plaintiff an additional copy of the amended complaint (#27).
19       DATED: June 6, 2011
20
21
22 _____
23 KENT J. DAWSON
      United States District Judge
24
25
26
27
28

-3-