UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD KWAME GAINES,

    Plaintiff,

v.

JEFFREY CHILDRESS, *et al.*,

    Defendants.

Case No. 2:09-CV-02326-KJD-RJJ

**ORDER**

    Before the Court is Defendant Cheryl Burson's Motion to Dismiss (#31). Plaintiff has filed an opposition (#41) and Defendant Burson has filed a reply (#43).

    Also before the Court are Plaintiff's Motion for Sanctions (#42), Motion to Strike (#45), and Motion for Entry of Clerk's Default (#46). Defendant Burson has filed oppositions to these motions (## 48 and 50) and Plaintiff has filed replies (## 51 and 52).

I.  Background

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and was housed at Southern Desert Correctional Center ("SDCC") from October 23, 2008 until November 18, 2010. On about February 3, 2009, Plaintiff was involved in a prison fight in violation

of prison rules which resulted in a Notice of Disciplinary Charges. Plaintiff was found guilty of assault and battery at an administrative hearing on February 26, 2009. The only surviving allegation of Plaintiff's complaint is that his First Amendment rights were violated when he was denied access to the courts by Defendant Burson. Specifically, Plaintiff claims that Defendant Burson denied his appeal grievance for failure to properly attach a Notice of Charges and failed to provide Plaintiff with a copy of the Notice of Charges.

Plaintiff filed this action in December 2009 and filed an Amended Complaint (#27) in May 2011. On July 27, 2011 Defendant Burson filed this Motion seeking dismissal or, in the alternative, summary judgment. On August 10, 2011, Plaintiff filed a Motion to Stay (#33), arguing that he was entitled to discovery before opposing the Motion to Dismiss. The Court denied the Motion to Stay and denied reconsideration (#40). Plaintiff filed his opposition to the Motion on December 1, 2011.

II.  Discussion

    A. Legal Standard for Motion to Dismiss

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

The only remaining claim is that Defendant Burson violated Plaintiff's First Amendment rights when she denied Plaintiff's grievance for failure to properly attach the Notice of Charges, but did provide a copy of the Notice of Charges. Defendant Burson moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. In her Motion, Defendant Burson set forth the standard for summary judgment, provided a statement of undisputed material facts, and attached documents verified by affidavit. Plaintiff was notified of the significance of a motion for summary judgment pursuant to Klingele v. Eikenberry and Rand v. Rowland (#14). Plaintiff acknowledged his awareness that he was responding to a motion to dismiss and motion for summary judgment in his opposition and attached exhibits to it. Although Plaintiff

sought additional discovery when he filed his Motion to Stay, much of the discovery he sought is related to claims that have been screened by the Court. He has not set forth facts showing why he is unable to provide the necessary information to oppose the single issue remaining in this action. Accordingly the Court will treat Defendant Burson's motion as one for summary judgment and consider matters outside the pleading. See Fed. R. Civ. Pro. 12(d).

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(a); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See, Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322

B. First Amendment Claim Against Defendant Burson

Prisoners have a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right to access to the courts. This right includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Bradley v.

Hall, 64 F.3d 1276, 1279 (9th Cir.1995) (discussing the right in the context of prison grievance procedures). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See Id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See Id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir.2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362. "[T]o succeed on a cause of action under section 1983, the plaintiff must prove the defendant[s] [were] the cause in fact and the proximate cause of plaintiff's injuries." Kraft v. Jackson, 669 F. Supp. 333, 339 (D.Nev. 1987), aff'd, 872 F.2d 862 (9th Cir. 1989).

Beyond the bare allegations of the complaint, there is no indication that Defendant Burson was responsible for denying Plaintiff access to the grievance process or was a cause of any injury that Plaintiff suffered. In this case, Plaintiff wished to appeal the result of his disciplinary hearing. Inmates are responsible for following the procedural requirements of the grievance process. NDOC Administrative Regulation 740 requires Notice of Charges for the disciplinary hearing be attached to the grievance appealing the decision. Plaintiff was served with the Notice of Charges on February 8, 2009, but refused to sign the documents. There is a dispute about whether Plaintiff received the Notice of Charges at that time, so for purposes of this Motion, the Court assumes he did not accept a copy when it was served upon him. Later, when preparing his appeal grievance, Plaintiff failed to attach the Notice of Charges as required. Defendant Burson rejected his grievance for failure to comply with the grievance process. Plaintiff claims that Defendant Burson was obligated "to provide petitioner with all needed forms when requested" but that she failed to provide him with the Notice of Charges at the time she denied his grievance. (#27 at 5.) Plaintiff has alleged that by the time he

"was able to receive the needed documents, the grievance was filed untimely as consider (sic) by Defendant Greg Cox."

Defendant Burson argues that the Administrative Regulations do not require her – the prison official reviewing the grievance – to provide the documents to cure the defect in Plaintiff's grievance. Defendant Burson argues that Plaintiff had access to the grievance process, but his own failure to properly file his grievance in accordance with the Administrative Regulations, and not Defendant Burson's denial of the grievance, caused his injury  Plaintiff was able to obtain the Notice of Charges from his caseworker who is the party normally responsible for helping an inmate obtain records. However, he requested and received the Notice of Charges from his caseworker too late to timely file the grievance. Plaintiff had access to the grievance process, but failed to follow it. Accordingly, Defendant Burson was not the proximate cause of Plaintiff's harm and summary judgment is granted in favor of Defendant Burson.

### E. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in a certain situation. Saucier v. Katz, 533 U.S. 194, 202 (2001) (overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009)).; Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). Analyzing whether a government official is entitled to qualified immunity involves two questions: (1) whether the facts alleged show the official violated a constitutional right; and (2) whether the right was clearly established such that a reasonable government official would know the conduct was unlawful. Id. The term "clearly established" means that "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 639 (1987)). The key inquiry is whether the

unlawfulness of the act would have been apparent to a reasonable person in the light of preexisting law at the time the act was committed. See Hope v. Pelzer, 536 U.S. 730, 739 (2002).

Defendant Burson is entitled to qualified immunity on the claim asserted by Plaintiff in this case. As discussed *supra*, the facts do not show that Defendant Burson was the cause of the alleged violation of Plaintiff's First Amendment right. Even if Defendant Burson had been the cause of the violation, none of her actions took place in circumstances where the right at issue was so clearly established that she would have been aware that she was acting unlawfully. Accordingly, summary judgment is granted in favor of Defendant Burson on the alternative basis of qualified immunity.

III.  Motion for Sanctions

Plaintiff has moved for sanctions against Defendant, alleging that Defendant's counsel submitted false and misleading documents to the Court as an exhibit to the Motion to Dismiss. The document at issue is a Disciplinary Form II. The form apparently contains a typographical error in listing the date that Plaintiff was found guilty of the disciplinary charges. Defendants have provided an affidavit of the officer who made the entry explaining the typographical error and provided supporting documents showing that Plaintiff was adjudicated guilty on February 26, 2009. Accordingly, the Motion for Sanctions is denied.

IV.  Motion to Strike

Plaintiff requests that the Court strike Defendant's reply in support of the Motion to Dismiss because it was untimely filed. Based on review of the Federal and Local Rules, Defendant's reply was timely filed. Accordingly, the Motion to Strike is denied.

V.  Motion for Entry of Clerk's Default

Entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend [the Complaint] . . ." Fed. R. Civ. P. 55(a). This is not the case here since Defendant Burson has responded to the complaint and every motion filed by Plaintiff. Accordingly, the Motion for Entry of Default Judgment is denied.

VI. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant Cheryl Burson's Motion to Dismiss (#31) is **GRANTED** and summary judgment is **GRANTED** in favor of Defendant.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Sanctions (#42) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Strike (#45) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Entry of Clerk's Default (#46) is **DENIED**.

DATED this 29th day of March 2012.

_____
Kent J. Dawson
United States District Judge